# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SWITCH COMMUNICATIONS GROUP LLC, et al.,

    Plaintiffs,

v.

DAVID MICHAEL BALLARD, et al.,

    Defendants.

2:11-CV-285 JCM (GWF)

## ORDER

Presently before the court is defendant David Michael Ballard's motion for attorneys' fees regarding his previous motion to compel discovery responses. (Doc. #71). Plaintiffs Switch Communications Group LLC and Switch Business Solutions LLC (collectively, "Switch") have filed an opposition (doc. #74) to which Ballard has replied (doc. #76).

## Background

On September 7, 2011, Magistrate Judge George Foley granted in part and denied in part Ballard's motion to compel discovery responses. (Doc. #65). Magistrate Judge Foley's order modified one of the eleven interrogatories propounded by Ballard, requiring Switch to answer the interrogatory, but limit its response to "the material or principal facts" instead of "all facts." With respect to the remaining ten interrogatories, Switch was compelled to answer without limitation. Further, Magistrate Judge Foley granted Ballard the request he sought with respect to 16 of the 17 requests for production propounded. The court ruled that the remaining request was vague and

**James C. Mahan**
**U.S. District Judge**

1  overbroad.

2  Ballard now moves for the attorneys fees generated in resolving the discovery dispute. Ballard seeks $16,374.50 in attorneys fees for the 68.5 hours of attorney time expended in connection with the dispute. The affidavit submitted pursuant to Local Rule 54-16 establishes that Ballard was represented by two attorneys in this dispute. Attorney Bradley S. Slighting billed a total of 51.2 hours at a rate of $210 per hour for a total of $10,752. Pl.'s Mot, Ex. A ¶ 3. Attorney Michael D. Rawlins billed a total of 17.3 hours at a rate of $325 per hour, for a total of $5,622.50. *Id.* at ¶ 4.

### Discussion

If a motion to compel discovery responses is granted in part and denied in part, the court has the discretion to apportion reasonable expenses. Fed. R. Civ. P. 37(a)(5)(C).

The court notes that Ballard's motion requests attorneys fees pursuant to Rule 37(a)(5)(A), which makes the award of attorneys fees mandatory in cases where the party moving for the order to compel prevails. *See* Fed. R. Civ. P. 37(a)(5)(A). As discussed, above, however, the motion to compel was not granted in full, it was granted in part and denied in part. Accordingly, Ballard should have moved for fees under Rule 37(a)(5)(C), which makes the award of fees discretionary.

Switch argues that Ballard's motion should be denied for failure to cite to the applicable subsection of the rule. This argument is unpersuasive. The same factors guide a court's decision under both subsection 37(a)(5)(A) and 37(a)(5)(C). Under Rule 37(a)(5)(A) "the court must, after giving an opportunity to be heard . . . [require the payment of] the movant's reasonable expenses incurred in making the motion [unless one of three exceptions apply]." Substantially similar language is used under Rule 37(a)(5)(C), which states "the court may . . . after giving an opportunity to be heard apportion the reasonable expenses in the motion." Indeed, the primary difference between these two rules is that one requires the payment of costs, where the other grants the court discretion in making such a determination.

The analysis underlying a decision under either case is the same, and arguments pertaining to the exceptions to Rule 37(a)(5)(A) are equally applicable to the court's determination of whether

1  attorneys fees should be awarded pursuant to Rule 37(a)(5)(A). As such, this court still has authority
2  to grant reasonable attorneys fees pursuant to Rule 37(a)(5)(C), even if Ballard's motion mistakenly
3  cited to Rule 35(a)(5)(A), as Switch has been provided with an opportunity to be heard.

4  Here, the court finds that because Ballard prevailed on nearly every discovery dispute raised
5  in the motion to compel and none of the exceptions to an award of fees enumerated in Rule
6  37(a)(5)(A) apply, a grant of reasonable attorneys' fees is appropriate.

7  Reasonable attorneys' fees are based on the "lodestar" calculation set forth in *Hensley v.*
8  *Eckerhart*, 461 U.S. 424, 433 (1983). *See Fischer v. SJB.P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir.
9  2000).  The court must first determine a reasonable fee by multiplying "the number of hours
10 reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433.
11 District courts have the authority "to make across-the-board percentage cuts either in the number of
12 hours claimed or in the final lodestar figure" to adjust fee awards. *See Gates v. Deukmejian*, 987
13 F.2d 1392, 1399 (9th Cir. 1992).

14 In determining the reasonableness of an hourly rate, courts consider the experience, skill, and
15 reputation of the attorney requesting fees. *See, e.g.*, *Webb v. Ada County*, 285 F.3d 829, 840, n.6 (9th
16 Cir. 2002). A reasonable hourly rate should reflect the prevailing market rates of attorneys practicing
17 in the forum community. *Id., see also, Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). Based
18 on this court's knowledge and experience, it finds that the requested hourly rates are reasonable.

19 Further, "[t]he party seeking an award of fees should submit evidence supporting the hours
20 worked." *Hensley*, 461 U.S. at 433. Ultimately, the court has discretion to reduce the number of
21 hours claimed or the final lodestar figure. *See Gates*, 987 F.2d at 1399. After reviewing the
22 itemization and description of the work performed, submitted in accordance with Local Rule 54-
23 16(b)(1), this court finds that the amount of fees sought is patently unreasonable in light of the
24 discovery dispute underlying this award.

25 The time records submitted in support of Ballard's motion for attorneys fees illustrate that
26 the time spent on various tasks and projects by Ballard's attorneys was excessive and inflated. For
27 example, Mr. Slighting alone billed 37.5 hours over a seven day period to prepare the motion to
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

compel. Spending this amount of attorney time to draft a motion to compel in a rather routine discovery dispute is excessive. Ballard seeks $7,875 for Mr. Slighting's work in drafting a 20-page brief. Add to this, the 7.1 hours Mr. Rawlins billed (totaling $2,437.50), and the price of the motion to compel was over well over $10,000. Additionally, the attorneys billed another 15.2 hours collectively to draft a reply and supplement in support of the motion to compel, costing another $3,468.

This court finds that billing nearly $14,000 in connection with drafting only the pleading papers for this discovery dispute is unreasonable. This court awards Ballard $2,000 as reasonable attorneys fees for the discovery dispute.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Ballard's motion for attorneys' fees (doc. #71) be, and the same hereby is, GRANTED, consistent with the foregoing.

DATED October 24, 2011.

*James C. Mahan*
UNITED STATES DISTRICT JUDGE